*382 OPINION.
MaRquette:
Petitioner was both the grantor and the trustee of a trust of which his wife was the primary beneficiary. Under the fourth provision of the declaration of trust the trustee is given full power to deal with the trust property as if he were the beneficial owner thereof, and to reserve a reasonable portion of the income. The same provision also declares that:
Any income accumulated by the Trustees under this Trust shall be held for the benefit oí the particular persons whoi were entitled to such income, and on their death for the benefit oí the person or persons who under this Trust become entitled to the share that such individual would have received if living.
By the first provision in the trust declaration the income of the trust property was to be paid to the petitioner, the grantor of the trust, if he survived his wife.
Section 219 (h) of the Revenue Act of 1924, so far as pertinent, provides:
Where any part of the income of a trust may, in the discretion of the grantor of the trust, * * * be distributed to the grantor or be held or *383 accumulated for future distribution to him, * * * such part of the income of the trust shall be included in computing the net income of the grantor.
In our opinion the power reserved by petitioner to himself as trustee to accumulate the trust income for future distribution to himself as the grantor in case he survived his wife, brings the trust income within the scope of section 219 (h), supra. The word “ may ” as used in that section clearly is used in a permissive sense only and is not equivalent to “ shall.” It contemplates a trust wherein the grantor retains dominion over the trust income to the extent of diverting it to himself. The declaration of trust before us reserves to the petitioner, as grantor and trustee, full power to bring about exactly the possibility contemplated by the statute. We find no error, therefore, in the respondent’s determination that the trust income was taxable to the petitioner individually.
The remaining question is whether petitioner’s loss of $20,000 is deductible in its entirety, or is to be treated as a capital net loss, with deductions accordingly.
In 1919 petitioner paid to the Eliot Mills, Inc., $25,000. In return he received 20 per cent of the common stock of the company, but none of the preferred stock. By mutual agreement petitioner’s interest in the net earnings of the company., was to be 20 per cent of the amount available for common stock. It was also agreed that at the end of five years, at the option of either party, petitioner would surrender his stock and receive $25,000 plus so much of one-fifth of the company’s net earnings or minus so much of one-fifth of its net losses for the five-year period as had not already been paid to or by petitioner. It appears that the arrange-ent was terminated in 1924, pursuant to the agreement, with a net loss for five years in the amount of $100,000. Petitioner received $5,000 in cash and was charged with $20,000 of the loss.
Eespondent contends that the deduction to be allowed is controlled by the following provisions of the Bevenue Act of 1924.
Sec. 208. (a) For the purpose of this title— *******
(2) The term “capital loss” means deductible loss resulting from the sale or exchange of capital assets; * * *
* * * * * * *
(8) The term “capital assets” means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.
*******
(c) In the case of any taxpayer * * * who for any taxable year sustains a capital net loss, there shall be levied, collected and paid * * * a tax determined as follows:
*384 A partial tax shall first be computed upon the basis of the ordinary net income * * * and the total tax shall be this amount minus 12% per centum of the capital net loss.
The provisions of the contract between the petitioner and the corporation were perhaps unusual, but the fact remains that petitioner purchased the company’s capital stock under the contract fixing a price for its resale to the company at a future date. The contract was carried out and petitioner received the price agreed upon when five years later he resold the stock in 1924. A loss of $20,000 was sustained. Throughout the five years during which petitioner was a stockholder he was the owner of a definite property right in the company, evidenced by his shares of stock. That property right clearly constituted a capital asset, the character of which was not changed by the provisions of the contract guaranteeing to petitioner a market for his stock at the end of five years. As that capital asset was held by the petitioner for more than two years, it clearly comes within the scope of the statute, section 208, swpra,. In our-opinion the respondent was right in computing petitioner’s loss upon the basis of that provision of the statute.

Decision will he entered for the respondent.